

RECEIVED

JUN - 5 2019

RLF/NK/2018R00267

AT 8:30_____M
WILLIAM T. WALSH, CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. John Michael Vazquez |
|  | : |  |
| v. | : |  |
|  | : |  |
| MICHAEL HEALY, | : | Crim. No. 18-703 |
| a/k/a "Shady," | : |  |
| a/k/a "Porsche," | : |  |
| a/k/a "Brennan," | : |  |
| a/k/a "New Year," | : | 18 U.S.C. § 922(g)(1) |
| a/k/a "White Boy," | : | 18 U.S.C. §§ 924(c)(1)(A), |
| LEEVANDER WADE | : | 18 U.S.C § 1512(k) |
| a/k/a "Van," | : | 18 U.S.C § 1959(a) |
| ALI HILL, | : | 18 U.S.C. § 1962(c) |
| a/k/a "Hadi," | : | 18 U.S.C. § 1962(d) |
| THOMAS ZIMMERMAN, | : | 18 U.S.C. § 1963 |
| a/k/a "L'il Baby," | : | 18 U.S.C. § 2 |
| a/k/a "Bizzle," and | : | 21 U.S.C. § 841 |
| TYQUAN DANIELS, | : | 21 U.S.C. § 846 |
| a/k/a "YT" | : |  |

## SUPERSEDING INDICTMENT

The Grand Jury in and for the District of New Jersey, sitting at

Newark, charges:

### COUNT ONE
### (Racketeering)
### (All Defendants)

### The Enterprise

1.     At various times relevant to this Superseding Indictment, in

the District of New Jersey, and elsewhere, defendants MICHAEL HEALY, a/k/a

"Shady," a/k/a Porsche," a/k/a "Brennan," a/k/a "New Year," a/k/a "White

Boy" ("HEALY"), LEEVANDER WADE, a/k/a "Van" ("WADE"), ALI HILL, a/k/a

"Hadi" ("HILL"), THOMAS ZIMMERMAN, a/k/a "L'il Baby," a/k/a "Bizzle" ("ZIMMERMAN"), TYQUAN DANIELS, a/k/a "YT" ("DANIELS"), coconspirators "A.S," "J.C.," "M.D.," "M.R.," "P.H.," and others, known and unknown, were members and associates of a criminal organization known as the Healy Drug Trafficking Enterprise (the "Healy DTE"). The Healy DTE, including its leadership, members, and associates, constituted an enterprise, as defined in Title 18, United States Code, Section 1961(4), namely, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members and associates functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

### **Overview of the Healy Drug Trafficking Enterprise**

2.      While incarcerated in the Maryland state corrections system between approximately 2003 and 2012, HEALY became a member of the Tree Top PIRU set of the Bloods street gang. Originally formed in Compton, California, the Tree Top PIRUs spread through the Maryland state prison system beginning in the early 2000s. After his release from prison in approximately April 2012, HEALY formed and led the Healy DTE, a large and sophisticated drug distribution organization that obtained, transported and distributed large amounts of cocaine, heroin, fentanyl and marihuana (the "Controlled Substances"). HEALY used his leadership status in the Tree Top PIRU Bloods to assist him with obtaining suppliers, recruiting and controlling enterprise members, and otherwise conducting the Healy DTE's operations.

2

3.      HEALY used his connections with Tree Top PIRU leadership in California to obtain a supplier who, along with his associates, provided HEALY and the Healy DTE with the Controlled Substances.  The Healy DTE transported multi-kilogram quantities of the Controlled Substances from California to New Jersey.  The Healy DTE then processed and repackaged the Controlled Substances at various "stash houses" in New Jersey.  The Healy DTE distributed some of the Controlled Substances in New Jersey, including through Bloods gang members in East Orange.  Given his leadership status in the Bloods, his reputation for violence, and his supply of Controlled Substances, HEALY exercised control over two local Bloods gang sets in East Orange, the Mob PIRUs and the Brick City Brims. The Healy DTE also transported some of the Controlled Substances from New Jersey to Maryland for further distribution.

4.      HEALY, WADE, HILL, ZIMMERMAN, DANIELS, and other members of the Healy DTE also committed and conspired to commit violent acts, including murder, for the purpose of silencing persons they believed were cooperating with law enforcement against members and associates of the Healy DTE.

### Purposes of the Healy DTE

The purposes of the Healy DTE included the following:

a.      Enriching the members and associates of the enterprise by, among other things, acts in violation of the laws of the United

States and the State of New Jersey involving drug trafficking, murder, money laundering and other criminal offenses;

       b.     promoting and enhancing the enterprise and the activities of its members and associates, which activities included, but were not limited to, drug trafficking, murder and money laundering;

       c.     preserving and protecting the power, territory, reputation, and profits of the enterprise and of its members and associates, through the use of intimidation, violence, threats of violence, and murder;

       d.     hindering, obstructing, and preventing law enforcement from identifying participants in the enterprise's criminal activity, from apprehending the offenders of those crimes, and from successfully prosecuting and punishing those offenders; and

       e.     threatening or murdering individuals who cooperated (or were believed to have cooperated) with law enforcement against the enterprise.

### Manner and Means of the Enterprise

      5.     Among the manner and means by which the defendants and other members and associates of the Healy DTE conducted and participated in the conduct of the affairs of the Healy DTE were the following:

       a.     It was part of the manner and means of the enterprise for the defendants and other members and associates of the Healy DTE to transport or ship the multi-kilogram quantities of the Controlled Substances

4

they obtained in California to New Jersey by various means, including, private aircraft, vehicles with hidden secret compartments, and the United States mail.

b.     It was further part of the manner and means of the enterprise that members and associates of the Healy DTE used "stash" residences controlled by the Healy DTE to process, package, store and conceal the Controlled Substances, firearms, and drug proceeds, including a residence on Ampere Parkway in Bloomfield, New Jersey (the "Ampere Parkway Residence"); an apartment on  Halsey Street, in Newark, New Jersey (the "Halsey Street Apartment"); and an apartment on Ellington Street in East Orange, New Jersey (the "Ellington Apartment").

c.     It was further part of the manner and means of the enterprise that members and associates of the Healy DTE operating at the Ellington Apartment and elsewhere would test the heroin coming from California to see if the heroin was of sufficient quality before packaging and distributing it.

d.     It was further part of the manner and means of the enterprise that members and associates of the Healy DTE would use vehicles with specially designed secret compartments, commonly known as "traps," to conceal and transport illegal narcotics, narcotics proceeds and firearms, including a white Lincoln Navigator (the "Navigator"), a blue Nissan (the "blue Nissan") and a red/burgundy Porsche (the "Porsche").

e.     It was further part of the manner and means of the enterprise that members and associates of the Healy DTE shipped large

amounts of United States Currency out of New Jersey to pay the suppliers in California.

        f.    It was further part of the manner and means of the enterprise that HEALY and other members and associates of the Healy DTE concealed the profits of their Controlled Substance sales by, among other means, setting up fake companies to claim the drug proceeds were profits from "legitimate" businesses; enlisting others to write checks to these fake companies to make drug proceeds appear to be "legitimate" business proceeds; and using drug proceeds to conduct transactions at casinos in Atlantic City, New Jersey to make it appear that the drug proceeds were "legitimate" gambling profits.

        g.    It was part of the manner and means of the enterprise that the defendants and other members and associates of the Healy DTE committed acts of intimidation and violence, including murder, against members and associates of the Healy DTE to silence enterprise members or associates who were perceived to be cooperating with law enforcement. In an effort to silence coconspirator "A.S," who HEALY learned was cooperating with law enforcement, Healy DTE members shot and killed Victim-1 outside of the Ampere Parkway residence thinking Victim-1 was "A.S." After realizing they had killed the wrong person, the Healy DTE members, approximately a month later, shot and killed "A.S." Approximately one month after "A.S" was murdered, believing that coconspirator "J.C." might be cooperating with law enforcement, HEALY shot and killed "J.C."

6

h.    It was further part of the manner and means of the enterprise that members and associates of the Healy DTE carried and had immediate access to firearms in order to protect themselves, the Controlled Substances, and their illegal proceeds, and to threaten others in furtherance of the interests of the enterprise.

i.    It was further part of the manner and means of the enterprise that members and associates of the Healy DTE used social media platforms, including Instagram, to intimidate witnesses and other members of the community, and to advance the reputation of the Healy DTE for violence and drug trafficking.

### Members and Associates of the Enterprise

6.    HEALY was the founder and leader of the Healy DTE. HEALY directed and controlled all aspects of the Healy DTE. Among other things, HEALY: (a) supervised the purchase, transportation, and distribution of Controlled Substances; (b) supervised the collection, transport, and laundering of the proceeds of the Healy DTE's Controlled Substance sales; and (c) committed, and directed others to commit acts of violence against persons HEALY believed were cooperating with law enforcement.

7.    WADE was a member of the Healy DTE who operated "stash" locations for the purpose of packaging and distributing kilogram-quantities of heroin for distribution.  WADE also acted as a "go-between" for Healy to the East Orange Brick City Brims Bloods gang (the "Brick City Brims"), and particularly HILL, with whom WADE had a close relationship.  WADE's

relationship with HILL helped facilitate (1) Healy's distribution of narcotics to Healy DTE members HILL, ZIMMERMAN and DANIELS, and their associates; and (2) Healy's use of HILL, ZIMMERMAN and DANIELS to carry out murders against fellow Healy DTE members who Healy knew or suspected of cooperating with law enforcement. WADE also aided HEALY in the murder of "J.C."

8.    HILL was a member of the Healy DTE who distributed the Healy DTE's Controlled Substances in New Jersey. HILL, at HEALY's direction, also participated in murdering persons HEALY believed were cooperating with law enforcement against the Healy DTE. HILL was a member of the Brick City Brims.

9.    ZIMMERMAN was a member of the Healy DTE who distributed the Healy DTE's Controlled Substances in New Jersey. ZIMMERMAN, at HEALY's direction, also participated in murdering persons HEALY believed were cooperating with law enforcement against the Healy DTE. ZIMMERMAN was a member of the Brick City Brims.

10.    DANIELS was a member of the Healy DTE who distributed the Healy DTE's Controlled Substances in New Jersey. DANIELS, at HEALY's direction, also participated in murdering persons HEALY believed were cooperating with law enforcement against the Healy DTE. DANIELS was a member of the Brick City Brims.

11.    Coconspirator "A.S.," was a member of the Healy DTE, who, among other things, traveled from New Jersey to California to oversee the

packaging of the Controlled Substances for transportation to New Jersey. "A.S." provided information and assistance to Federal law enforcement agents in connection with the investigation into the narcotics trafficking activities of the Healy DTE. On or about November 21, 2017, "A.S." detailed in an interview with special agents from the Drug Enforcement Administration that HEALY had received 18 kilograms of cocaine, heroin and fentanyl from California in a shipment from California in or around late October 2017. "A.S." also named HEALY coconspirator "M.R." as the person who received the narcotics from the California-based supplier and arranged for it to be sent to New Jersey. By in or around January, 2018, HEALY learned that "A.S." was providing information to law enforcement officers relating to the Healy DTE. When coconspirator "M.R." was arrested in Illinois on February 1, 2018 with narcotics belonging to the Healy DTE, HEALY put into motion his plan to prevent "A.S." from further cooperation with law enforcement. Facilitated by WADE's connection to HILL and members of the Brick City Brims, and relying on his position within the Bloods gang and his role as drug supplier to the Brick City Brims, HEALY directed HILL, ZIMMERMAN, and DANIELS to murder coconspirator "A.S."

12.    Coconspirator "J.C." was a member of the Healy DTE who aided HEALY and "A.S." in the packaging of the Controlled Substances for transportation to New Jersey. HEALY murdered coconspirator "J.C." because HEALY believed coconspirator "J.C." might also be cooperating with law enforcement.

13.    Coconspirator "M.D." was a member of the Healy DTE who transported the Controlled Substances for distribution, including to areas in Maryland, and transported drug proceeds to New York for ultimate payment to the California drug suppliers.

14.    Coconspirator "M.R." was a member of the Healy DTE who managed the Healy DTE's California operation, including arranging for the procurement of the controlled substances and the transportation of the controlled substances from California to New Jersey.

15.    Coconspirator "P.H." was an associate of the Healy DTE who supplied the Healy DTE with controlled substances and had them shipped to New Jersey.

## The Racketeering Violation

16.    From in or around January 2013 through in or around January 2019, in Essex County, in the District of New Jersey and elsewhere, the defendants,

MICHAEL HEALY,
a/k/a "Shady,"
a/k/a Porsche,"
a/k/a "Brennan,"
a/k/a "New Year,"
a/k/a "White Boy,"
LEEVANDER WADE,
a/k/a "Van,"
ALI HILL,
a/k/a "Hadi,"
THOMAS ZIMMERMAN,
a/k/a "L'il Baby," a/k/a "Bizzle," and
TYQUAN DANIELS,
a/k/a "YT,"

10

together with others, known and unknown, being persons employed by and associated with the Healy DTE, described above, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, unlawfully and knowingly conducted and participated, directly and indirectly, in the conduct of the affairs of the Healy DTE through a pattern of racketeering activity, that is, through the commission of the following acts, as set forth below.

## The Pattern of Racketeering Activity

17.    The pattern of racketeering activity as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisted of the following acts:

18.    **Racketeering Act One:**
       **Murder of Victim-1**

On or about February 3, 2018, in Essex County, in the District of New Jersey and elsewhere, the defendants, MICHAEL HEALY, a/k/a "Shady," a/k/a "Porsche," a/k/a "Brennan," a/k/a "New Year," a/k/a "White Boy," LEEVANDER WADE, a/k/a "Van," THOMAS ZIMMERMAN, a/k/a "L'il Baby," a/k/a "Bizzle," and TYQUAN DANIELS, a/k/a "YT," did purposely and knowingly cause the death and serious bodily injury resulting in death of another person, namely, Victim-1, in violation of N.J.S.A. 2C:11-3(a)(1) & (2) and 2C:2-6.

11

19. **Racketeering Act Two:**
**Murder of A.S.**

Defendants MICHAEL HEALY, a/k/a "Shady," a/k/a Porsche," a/k/a "Brennan," a/k/a "New Year," a/k/a "White Boy," LEEVANDER WADE, a/k/a "Van," ALI HILL, a/k/a "Hadi," THOMAS ZIMMERMAN, a/k/a "L'il Baby," a/k/a "Bizzle," and TYQUAN DANIELS, a/k/a "YT," committed the following acts, any one of which alone constitutes the commission of Racketeering Act Two:

a. Murder of "A.S."

On or about March 12, 2018, in Essex County, in the District of New Jersey and elsewhere, defendants MICHAEL HEALY, a/k/a "Shady," a/k/a "Porsche," a/k/a "Brennan," a/k/a "New Year," a/k/a "White Boy," LEEVANDER WADE, a/k/a "Van," ALI HILL, a/k/a "Hadi," THOMAS ZIMMERMAN, a/k/a "L'il Baby," a/k/a "Bizzle," and TYQUAN DANIELS, a/k/a "YT," did purposely and knowingly cause the death and serious bodily injury resulting in death of another person, namely, "A.S.," in violation of N.J.S.A. 2C:11-3(a)(1) & (2) and 2C:2-6.

b. Conspiracy To Murder A Federal Witness

From in or around October 2017 through on or about March 12, 2018, in Essex County, in the District of New Jersey and elsewhere, defendants MICHAEL HEALY, a/k/a "Shady," a/k/a "Porsche," a/k/a "Brennan," a/k/a "New Year," a/k/a "White Boy," LEEVANDER WADE, a/k/a "Van," ALI HILL,

12

a/k/a "Hadi," THOMAS ZIMMERMAN, a/k/a "L'il Baby," a/k/a "Bizzle," and

TYQUAN DANIELS, a/k/a "YT," did knowingly and willfully conspire and agree

with each other and others to kill another person, namely, "A.S.", with intent to

prevent the communication by "A.S." to a law enforcement officer of the United

States of information relating to the commission and possible commission of a

Federal offense, namely the conspiracy to distribute controlled substances

pursuant to Title 21, United States Code, Section 846 as charged in this

Superseding Indictment, which killing is a murder as defined in Title 18,

United States Code, Section 1111(a), in that in furtherance of the conspiracy, a

coconspirator did unlawfully kill "A.S." willfully, deliberately, maliciously, and

with premeditation, contrary to Title 18, United States Code, Sections

1512(a)(1)(C) and (a)(3)(A), in violation of Title 18, United States Code, Section

1512(k).

> 20. **Racketeering Act Three:**
> **Murder of "J.C."**

On or about April 6, 2018, in Essex County, in the District of New

Jersey and elsewhere, defendants MICHAEL HEALY, a/k/a "Shady," a/k/a

Porsche," a/k/a "Brennan," a/k/a "New Year," a/k/a "White Boy," and

LEEVANDER WADE, a/k/a "Van," did purposely and knowingly cause the

death and serious bodily injury resulting in death of another person, namely,

"J.C," in violation of N.J.S.A. 2C:11-3(a)(1) & (2) and 2C:2-6.

21. **Racketeering Act Four:**
**Conspiracy to Distribute Cocaine, Heroin, Fentanyl and**
**Marihuana**

From at least as early as in or around January 2013 through in or
around January 2019, in Essex County, in the District of New Jersey and
elsewhere, defendants MICHAEL HEALY, a/k/a "Shady," a/k/a "Porsche,"
a/k/a "Brennan," a/k/a "New Year," a/k/a "White Boy," LEEVANDER WADE,
a/k/a "Van," ALI HILL, a/k/a "Hadi," THOMAS ZIMMERMAN, a/k/a "L'il
Baby," a/k/a "Bizzle," and TYQUAN DANIELS, a/k/a "YT," did knowingly and
intentionally conspire and agree with others to distribute and to possess with
intent to distribute five kilograms or more of a mixture and substance
containing a detectable amount of cocaine, a Schedule II controlled substance,
one kilogram or more of a mixture and substance containing a detectable
amount of heroin, a Schedule I controlled substance, 400 grams or more of a
mixture and substance containing a detectable amount of fentanyl, a Schedule
II controlled substance, and 1000 kilograms or more of a mixture and
substance containing a detectable amount of marihuana, a Schedule I
controlled substance, contrary to Title 21, United States Code, Sections
841(a)(1) and (b)(1)(A), in violation of Title 21, United States Code, Section 846.

22. **Racketeering Act Five:**
**Possession With Intent To Distribute Cocaine**

On or about February 1, 2018, in Los Angeles County, California in the
Central District of California, in Cook County, Illinois in the Northern District

14

of Illinois and elsewhere, defendant MICHAEL HEALY, a/k/a "Shady," a/k/a "Porsche," a/k/a "Brennan," a/k/a "New Year," a/k/a "White Boy," did knowingly and intentionally possess with intent to distribute 500 grams or more of a mixture and substance which contained a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2.

23. **Racketeering Act Six:**
**Possession With Intent To Distribute Heroin**

On or about November 7, 2018, in Essex County, in the District of New Jersey and elsewhere, defendants MICHAEL HEALY, a/k/a "Shady," a/k/a "Porsche," a/k/a "Brennan," a/k/a "New Year," a/k/a "White Boy," and LEAVNDER WADE, a/k/a "Van," did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

All in violation of Title 18, United States Code, Section 1962(c).

## COUNT TWO
## (Racketeering Conspiracy)
## (All Defendants)

1.    Paragraphs One through Fifteen of Count One of this Superseding Indictment are hereby realleged and incorporated as if fully set forth herein.

2.    Beginning at least in or around 2013, and continuing through January 2019, in the District of New Jersey, and elsewhere, the defendants,

MICHAEL HEALY,
a/k/a "Shady,"
a/k/a "Porsche,"
a/k/a "Brennan,"
a/k/a "New Year,"
a/k/a "White Boy,"
LEEVANDER WADE,
a/k/a "Van,"
ALI HILL,
a/k/a "Hadi,"
THOMAS ZIMMERMAN,
a/k/a "L'il Baby," a/k/a "Bizzle," and
TYQUAN DANIELS,
a/k/a "YT,"

together with others known and unknown, each being a person employed by and associated with the Healy DTE, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, knowingly and intentionally conspired and agreed with each other and others to violate Title 18, United States Code, Section 1962(c), that is to conduct and participate, directly and indirectly, in the conduct of the affairs of the Healy DTE through a pattern of

racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and (5), which pattern of racketeering activity consisted of:

      a.     multiple acts involving murder, contrary to N.J.S.A. 2C:11-3(a)(1), 2C:11-3(a)(2), 2C:5-2 and 2C:2-6;

      b.     multiple acts indictable under Title 18, United States Code, Section 1512 (murder of a witness, victim, or an informant); and

      c.     multiple offenses involving the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in controlled substances punishable under the laws of the United States, in violation of Title 21, United States Code, Section 846 (conspiracy to distribute and possess with intent to distribute controlled substances), and Section 841 (distribution and possession with intent to distribute controlled substances).

      3.     It was part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

## Overt Acts

      4.     In furtherance of the conspiracy and to achieve its objective, the defendants and their coconspirators committed the following overt acts, among others, in the District of New Jersey, and elsewhere:

      a.     On or about September 13, 2013, HEALY purchased a 2012 Porsche Panamera ("the Porsche") with a total sales price of approximately $88,000. HEALY used $29,200 in cash derived from drug proceeds as a down payment for the Porsche.

b.    On or about September 25, 2013, HEALY was in possession of approximately $45,000 in drug proceeds.

c.    On or about April 18, 2014, HEALY dropped off approximately $60,000 in cash to the Ampere Parkway Residence for the purchase of two kilograms of cocaine.

d.    On or about April 18, 2014, HEALY and coconspirators "A.S." and "M.D." stored bags of marihuana, an amount of cocaine, numerous pills containing controlled substances and approximately $65,000 in cash, at the Ampere Parkway Residence.

e.    On or about June 17, 2014, a Healy DTE associate was in possession of $119,000 in drug proceeds at Newark Airport prior to the associate boarding a flight to San Francisco, California.

f.    On or about April 27, 2015, HEALY deposited drug proceeds of the Healy DTE consisting of approximately $43,521 in cash into a bank account he controlled for "Two of Em Productions LLC."

g.    On or about June 10, 2015, HEALY possessed an amount of marihuana and drug proceeds, namely $890 in cash.

h.    On or about June 23, 2015, HEALY deposited approximately $30,000 in $20 bills of drug proceeds into slot machines in a casino in Atlantic City, New Jersey.

i.    On or about July 9, 2015, HEALY deposited approximately $14,000 in $20 bills of drug proceeds into slot machines in a casino in Atlantic City, New Jersey.

18

j.    On or about October 5, 2016, HEALY handed a bag to a known drug distributor which contained a large amount of marihuana.

k.    On or about June 9, 2017, HEALY, "A.S." and, "J.C" stored cocaine and pills containing controlled substances at the Ampere Parkway Residence.

l.    In or around early October, 2017, HEALY and coconspirators "A.S." and "J.C." went to California for the purpose of packaging multi-kilogram quantities of cocaine, heroin and fentanyl for transportation to New Jersey.

m.    In or about November, 2017, "M.R." purchased a private plane ("the Plane").

n.    On or about December 12, 2017, an associate of the Healy DTE leased an airplane hangar at the Monmouth Executive Airport in Wall, New Jersey.

o.    On or about January 18, 2018, HEALY gave Individual-1 $6,000 in drug proceeds in cash to write a check to HEALY.

p.    In or around late January, 2018, HEALY purchased 500 grams of cocaine for $14,750.

q.    On or about February 1, 2018, "M.R." used the Plane to transport approximately one kilogram of cocaine, 36 kilograms of marihuana, and approximately one kilogram of Tramadol, a Schedule IV controlled substance used as a painkiller, which the Healy DTE believed to be fentanyl.

      r.     On or about February 3, 2018, HEALY met with two sets of the Bloods street gang in a park in Orange, New Jersey.

      s.     On or about February 3, 2018, HEALY ordered specific members of the Bloods sets to shoot and kill "A.S."

      t.     On or about February 3, 2018, defendants ZIMMERMAN and DANIELS, at the direction of HEALY, shot and killed VICTIM-1, an innocent bystander who they believed to be coconspirator "A.S."

      u.     On or about February 7, 2018, HEALY had a coconspirator deposit $12,500 cash, drug proceeds, into the bank account of an attorney based in Chicago, Illinois who was representing coconspirator "M.R." on criminal charges relating to the narcotics seized from the plane on February 1, 2018.

      v.     On or about February 27, 2018, HEALY gave Individual-1 $4,000 in drug proceeds in cash to write a check to "Capital T Consulting," a Limited Liability Company set up by HEALY.

      w.     On or about March 12, 2018, defendants HILL, ZIMMERMAN and DANIELS, at the direction of HEALY, shot and killed "A.S." near the Ampere Parkway Residence.

      x.     On or about March 12, 2018, shortly after the murder of "A.S.", defendant ZIMMERMAN sent a text message to an unknown individual confirming that the murder of "A.S." was successfully completed.

      y.     On or about March 13, 2018, HEALY had Individual-2 write a check to him made out to "Capital T Consulting LLC."

z.      On March 15, 2018, HEALY had Individual-2 write a check to HEALY made out to "Two Of 'Em Productions LLC."

aa.     On or about March 22, 2018, HEALY used drug proceeds to invest in a partial interest in a vacation home located in East Stroudsburg, Pennsylvania (the "Poconos house").

bb.     On or about May 16, 2018, defendant ZIMMERMAN possessed a quantity of cocaine and a quantity of heroin along with packaging material for distribution of those controlled substances.

cc.     Before on or about May 31, 2018, defendants HILL, ZIMMERMAN and DANIELS gave control over the firearm used to kill "A.S." (the "A.S. Murder Weapon") to Healy DTE associate "D.J."

dd.     On or about May 31, 2018, coconspirator "D.J." exercised control over a vehicle that contained approximately 612 glassine envelopes of the Healy DTE's heroin and the A.S. Murder Weapon.

ee.     On June 5, 2018, during a lawfully intercepted phone call, HILL and DANIELS discussed the A.S. Murder Weapon being recovered by law enforcement.

ff.     On June 11, 2018, during a lawfully intercepted phone call, HILL and DANIELS discussed their use of the A.S. Murder Weapon and concern about its recovery by law enforcement on May 31, 2018.

gg.     On or about April 6, 2018, HEALY, believing that coconspirator "J.C." was cooperating with law enforcement, enlisted WADE to drive a stolen vehicle HEALY had obtained in order to shoot and kill "J.C."

21

hh.    On or about April 6, 2018, HEALY and WADE drove to a location along Parker Street in Newark, New Jersey where "J.C." was sitting in a parked vehicle.

ii.    On or about April 6, 2018, HEALY, using a rifle loaded with .223 rounds of ammunition, shot "J.C." multiple times, thereby resulting in "J.C.'s" death.

jj.    On or about April 6, 2018, shortly after the murder, HEALY and WADE drove the stolen vehicle to a deserted spot under a highway in Newark, New Jersey.

kk.    On or about April 6, 2018, HEALY enlisted a HEALY DTE associate to drive the Navigator to pick up HEALY and WADE and drive them away from the stolen vehicle.

ll.    On or about April 7, 2018, a few hours after the murder, HEALY had WADE enlisted another individual to go back to the location of the stolen vehicle under the highway and set the stolen vehicle on fire in order to conceal evidence of the murder of "J.C."

mm.    In or around the first week of May 2018, HEALY had Individual-1 transport a Smith & Wesson M&P 556 rifle bearing serial number SV77280, capable of firing .223 rounds, from New Jersey to the Poconos house.

nn.    In or around August 2017, HEALY obtained the Navigator, and then installed a trap for the purpose of concealing illegal drugs.

22

oo.     In or around December 2017, HEALY obtained the blue Nissan, and then caused to be installed a trap for the purpose of concealing illegal drugs.

pp.     In or about the Fall of 2017, the Healy DTE obtained a large table (the "table") into which HEALY caused to be installed a trap.

qq.     In or about the Fall of 2017, the Healy DTE shipped the table from California to New Jersey with kilogram-quantities of controlled substances in the trap.

rr.     On or about September 5, 2018, HEALY and WADE were driving in a stolen vehicle while HEALY was in possession of a firearm.

ss.     On or about September 19, 2018, HEALY purchased a 2011 BMW X6 ("the BMW") from a car dealer in Newark, New Jersey, using $22,063 in cash derived from drug proceeds as payment for the vehicle.

tt.     On or about November 7, 2018, the Healy DTE stored heroin and drug paraphernalia at the Ellington Residence.

<u>NOTICE OF SPECIAL SENTENCING FACTORS REGARDING COUNT TWO</u>

1.    On or about February 3, 2018, in Essex County, in the

District of New Jersey, and elsewhere, defendants,

MICHAEL HEALY,
a/k/a "Shady,"
a/k/a "Porsche,"
a/k/a "Brennan,"
a/k/a "New Year,"
a/k/a "White Boy,"
LEEVANDER WADE,
a/k/a "Van"
THOMAS ZIMMERMAN,
a/k/a "L'il Baby," a/k/a "Bizzle," and
TYQUAN DANIELS,
a/k/a "YT,"

did knowingly and purposely cause the death and serious bodily injury

resulting in death of another person, namely, Victim-1, contrary to N.J.S.A.

2C:11-3(a)(1), 2C:11-3(a)(2), and 2C:2-6.

2.    On or about March 12, 2018, in Essex County, in the

District of New Jersey, and elsewhere, defendants,

MICHAEL HEALY,
a/k/a "Shady,"
a/k/a "Porsche,"
a/k/a "Brennan,"
a/k/a "New Year,"
a/k/a "White Boy,"
LEEVANDER WADE,
a/k/a "Van"
ALI HILL,
a/k/a "Hadi,"
THOMAS ZIMMERMAN,
a/k/a "L'il Baby," a/k/a "Bizzle," and
TYQUAN DANIELS,
a/k/a "YT,"

24

did knowingly and purposely cause the death and serious bodily injury
resulting in death of another person, namely, "A.S.", contrary to N.J.S.A.
2C:11-3(a)(1), 2C:11-3(a)(2), and 2C:2-6.

      3.    On or about March 12, 2018, in Essex County, in the
District of New Jersey, and elsewhere, defendants,

MICHAEL HEALY,
a/k/a "Shady,"
a/k/a "Porsche,"
a/k/a "Brennan,"
a/k/a "New Year,"
a/k/a "White Boy,"
LEEVANDER WADE,
a/k/a "Van"
ALI HILL,
a/k/a "Hadi,"
THOMAS ZIMMERMAN,
a/k/a "L'il Baby," a/k/a "Bizzle," and
TYQUAN DANIELS,
a/k/a "YT,"

did knowingly and willfully conspire and agree with each other and others to
kill another person, namely, "A.S.", with intent to prevent the communication
by "A.S." to a law enforcement officer of the United States of information
relating to the commission and possible commission of a Federal offense,
namely the conspiracy to distribute controlled substances pursuant to Title 21,
United States Code, Section 846 as charged in this Superseding Indictment,
which killing is a murder as defined in Title 18, United States Code, Section
1111(a), in that in furtherance of the conspiracy, a coconspirator did
unlawfully kill "A.S" willfully, deliberately, maliciously, and with premeditation,

contrary to Title 18, United States Code, Sections 1512(a)(1)(C) and (a)(3)(A), in violation of Title 18, United States Code, Section 1512(k).

      4.    On or about April 6, 2018, in Essex County, in the District of New Jersey, and elsewhere, defendants,

MICHAEL HEALY,
a/k/a "Shady,"
a/k/a "Porsche,"
a/k/a "Brennan,"
a/k/a "New Year,"
a/k/a "White Boy," and
LEEVANDER WADE,
"a/k/a "Van,"

did knowingly and purposely cause the death and serious bodily injury resulting in death of another person, namely, "J.C.", contrary to N.J.S.A. 2C:11-3(a)(1), 2C:11-3(a)(2), and 2C:2-6.

      5.    From in or around January 2013 through in or around January 2019, in Essex County, in the District of New Jersey, and elsewhere, defendants,

MICHAEL HEALY,
a/k/a "Shady,"
a/k/a "Porsche,"
a/k/a "Brennan,"
a/k/a "New Year,"
a/k/a "White Boy,"
LEEVANDER WADE,
a/k/a "Van"
ALI HILL,
a/k/a "Hadi,"
THOMAS ZIMMERMAN,
a/k/a "L'il Baby," a/k/a "Bizzle," and
TYQUAN DANIELS,
a/k/a "YT,"

26

did knowingly and intentionally conspire and agree with others to distribute and to possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and 1000 kilograms or more of a mixture and substance containing a detectable amount of marihuana, a Schedule I controlled substance, contrary to Title 21, United States Code, Sections 841(a)(1) and (B)(1)(A), in violation of Title 21, United States Code, Section 846.

All in violation of Title 18, United States Code, Section 1962(d) and 1963.

**COUNT THREE**
**(Murder in Aid of Racketeering)**
**(Defendants Healy, Wade, Zimmerman and Daniels)**

1.     The allegations contained in Paragraphs One through Fifteen of Count One of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

2.     At all times relevant to this Superseding Indictment, the Healy DTE, including its leaders, members, and associates, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that was engaged in, and the activities of which affected, interstate and foreign commerce.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

3.     At all times relevant to this Superseding Indictment, the Healy DTE, the above-described enterprise, through its leaders, members and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is:

a.     Multiple acts involving murder, contrary to N.J.S.A. 2C:11-3(a)(1), 2C:11-3(a)(2), 2C2-6 and 2C:5-2;

b.     Multiple acts indictable under Title 18, United States Code, Section 1512 (murder of a witness, victim, or an informant);

c.     Multiple offenses involving the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in a

28

controlled substance punishable under the laws of the United States, in violation of Title 21, United States Code, Section 846 (conspiracy to distribute and possess with intent to distribute controlled substances), and Section 841 (distribution and possession with intent to distribute controlled substances).

4.    On or about February 3, 2018, in Essex County, in the District of New Jersey, and elsewhere, defendants,

MICHAEL HEALY,
a/k/a "Shady,"
a/k/a "Porsche,"
a/k/a "Brennan,"
a/k/a "New Year,"
a/k/a "White Boy,"
LEEVANDER WADE,
a/k/a "Van,"
THOMAS ZIMMERMAN,
a/k/a "L'il Baby," a/k/a "Bizzle," and
TYQUAN DANIELS,
a/k/a "YT,"

as consideration for the receipt of, and as a consideration for a promise and agreement to pay, anything of pecuniary value from the Healy DTE and for the purpose of gaining entrance to, and maintaining and increasing position in, the Healy DTE, an enterprise engaged in racketeering activity, did knowingly and purposely murder Victim-1, contrary to N.J.S.A. 2C:11-3(a)(1), 2C:11-3(a)(2), and 2C:2-6.

In violation of Title 18, United States Code, Section 1959(a)(1) and Section 2.

## COUNT FOUR
### (Use and Carrying of a Firearm During a Crime of Violence)
### (Defendants Healy, Wade, Zimmerman and Daniels)

On or about February 3, 2018, in Essex County, in the District of New Jersey, and elsewhere, defendants,

MICHAEL HEALY,
a/k/a "Shady,"
a/k/a "Porsche,"
a/k/a "Brennan,"
a/k/a "New Year,"
a/k/a "White Boy,"
LEEVANDER WADE,
a/k/a "Van,"
THOMAS ZIMMERMAN,
a/k/a "L'il Baby," a/k/a "Bizzle," and
TYQUAN DANIELS,
a/k/a "YT,"

during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, the murder of Victim-1, in violation of Title 18, United States Code, Section 1959(a)(1) and Section 2 as charged in Count Three of this Superseding Indictment, did knowingly use and carry firearms, which firearms were discharged, and did aid and abet the same.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(iii) and Section 2.

## COUNT FIVE
## (Murder in Aid of Racketeering)
## (All Defendants)

1.     The allegations contained in Paragraphs One through Three of Count Three of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

2.     On or about March 12, 2018, in Essex County, in the District of New Jersey, and elsewhere, defendants,

MICHAEL HEALY,
a/k/a "Shady,"
a/k/a "Porsche,"
a/k/a "Brennan,"
a/k/a "New Year,"
a/k/a "White Boy,"
LEEVANDER WADE,
a/k/a "Van,"
ALI HILL,
a/k/a "Hadi,"
THOMAS ZIMMERMAN,
a/k/a "L'il Baby," a/k/a "Bizzle," and
TYQUAN DANIELS,
a/k/a "YT,"

as consideration for the receipt of, and as a consideration for a promise and agreement to pay, anything of pecuniary value from the Healy DTE, and for the purpose of gaining entrance to, and maintaining and increasing position in, the Healy DTE, an enterprise engaged in racketeering activity, did knowingly and purposely murder "A.S.", contrary to N.J.S.A. 2C:11-3(a)(1), 2C:11-3(a)(2), and 2C:2-6.

In violation of Title 18, United States Code, Section 1959(a)(1) and Section 2.

**COUNT SIX**
**(Conspiracy to Murder a Federal Witness)**
**(All Defendants)**

1. The allegations contained in paragraph Eleven of Count One of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

2. From in or around October 2017 through on or about March 12, 2018, in Essex County, in the District of New Jersey and elsewhere, defendants

MICHAEL HEALY,
a/k/a "Shady,"
a/k/a "Porsche,"
a/k/a "Brennan,"
a/k/a "New Year,"
a/k/a "White Boy,"
LEEVANDER WADE,
a/k/a "Van,"
ALI HILL,
a/k/a "Hadi,"
THOMAS ZIMMERMAN,
a/k/a "L'il Baby," a/k/a "Bizzle," and
TYQUAN DANIELS,
a/k/a "YT,"

did knowingly and intentionally conspire and agree with each other and others to kill another person, namely, "A.S.", with intent to prevent the communication by "A.S." to a law enforcement officer of the United States of information relating to the commission and possible commission of a Federal offense, namely the conspiracy to distribute controlled substances pursuant to Title 21, United States Code, Section 846 as charged in this Superseding Indictment, which killing is a murder as defined in Title 18, United States

Code, Section 1111(a), in that in furtherance of the conspiracy a coconspirator did unlawfully kill "A.S." willfully, deliberately, maliciously, and with premeditation, contrary to Title 18, United States Code, Section 1512(a)(1)(C) and (a)(3)(A).

## The Object of the Conspiracy

3.  It was the object of the conspiracy to kill "A.S." to prevent his communication to law enforcement of the United States of information against members of the Healy DTE for distribution and conspiracy to distribute cocaine, heroin, fentanyl and marihuana.

## Manner and Means of the Conspiracy

4.  It was part of the conspiracy that defendant MICHAEL HEALY, a/k/a "Shady," a/k/a "Porsche," a/k/a "Brennan," a/k/a "New Year," a/k/a "White Boy," informed coconspirators that "A.S." was cooperating with law enforcement by providing information incriminating the Healy DTE and told coconspirators he would arrange to kill "A.S." to protect the organization's drug business.

5.  It was a further part of the conspiracy that a coconspirator shot "A.S." and caused the death of "A.S."

In violation of Title 18, United States Code, Section 1512(k).

## COUNT SEVEN
### (Use and Carrying of Firearms During a Crime of Violence)
### (All Defendants)

On or about March 12, 2018, in Essex County, in the District of New Jersey, and elsewhere, defendants,

MICHAEL HEALY,
a/k/a "Shady,"
a/k/a "Porsche,"
a/k/a "Brennan,"
a/k/a "New Year,"
a/k/a "White Boy,"
LEEVANDER WADE,
a/k/a "Van,"
ALI HILL,
a/k/a "Hadi,"
THOMAS ZIMMERMAN,
a/k/a "L'il Baby," a/k/a "Bizzle," and
TYQUAN DANIELS,
a/k/a "YT,"

during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, the murder of "A.S.", as charged in Count Five of this Superseding Indictment, and the conspiracy to murder a federal witness as charged in Count Six of this Superseding Indictment, did knowingly use and carry firearms, which were discharged.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(iii) and Section 2.

34

## **COUNT EIGHT**
### **(Murder in Aid of Racketeering)**
### **(Defendants Healy and Wade)**

1.     The allegations contained in Paragraphs One through Three of Count Three of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

2.     On or about April 6, 2018, in Essex County, in the District of New Jersey, and elsewhere, defendants,

MICHAEL HEALY,
a/k/a "Shady,"
a/k/a "Porsche,"
a/k/a "Brennan,"
a/k/a "New Year,"
a/k/a "White Boy,"
and LEEVANDER WADE,
a/k/a "Van,"

as consideration for the receipt of, and as a consideration for a promise and agreement to pay, anything of pecuniary value from the Healy DTE, and for the purpose of gaining entrance to, and maintaining and increasing position in, the Healy DTE, an enterprise engaged in racketeering activity, did knowingly and purposely murder "J.C.", contrary to N.J.S.A. 2C:11-3(a)(1), 2C:11-3(a)(2), and 2C:2-6.

In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

35

## COUNT NINE
**(Use and Carrying of a Firearm During a Crime of Violence)**
**(Defendants Healy and Wade)**

On or about April 6, 2018, in Essex County, in the District of

New Jersey, and elsewhere, defendants,

MICHAEL HEALY,
a/k/a "Shady,"
a/k/a "Porsche,"
a/k/a "Brennan,"
a/k/a "New Year,"
a/k/a "White Boy," and
LEEVANDER WADE,
a/k/a "Van,"

during and in relation to a crime of violence for which each may be prosecuted

in a court of the United States, that is, the murder of "J.C." as charged in

Count Eight of this Superseding Indictment, did knowingly use and carry a

firearm, which was discharged.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(iii),

and Title 18, United States Code, Section 2

36

**COUNT TEN**
**(Felon in Possession of a Firearm)**
**(Defendant Healy)**

In or around May 2018, in Essex County, in the District of New Jersey, and elsewhere, defendant,

MICHAEL HEALY,
a/k/a "Shady,"
a/k/a "Porsche,"
a/k/a "Brennan,"
a/k/a "New Year,"
a/k/a "White Boy,"

possessed a loaded firearm in and affecting commerce, namely a Smith & Wesson Model M&P 15 .556 caliber rifle, bearing serial number SV77280, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year in the Circuit Court of Maryland, Baltimore County, and did so knowingly.

In violation of Title 18, United States Code, Section 922(g)(1).

## COUNT ELEVEN
### (Felon in Possession of a Firearm)
### (Defendant Daniels)

On or about May 28, 2018, in Essex County, in the District of New Jersey, and elsewhere, the defendant,

TYQUAN DANIELS,
a/k/a "YT,"

possessed a loaded firearm in and affecting commerce, namely a Luger 9mm caliber handgun, bearing serial number FXE2289, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year in the Superior Court of New Jersey, Essex County, and did so knowingly.

In violation of Title 18, United States Code, Section 922(g)(1).

**COUNT TWELVE**
**(Conspiracy to Distribute Cocaine, Heroin, Fentanyl and Marihuana)**
**(All Defendants)**

From at least as early as in or around January 2013 through in or around January 2019, in Essex County, in the District of New Jersey and elsewhere, defendants,

MICHAEL HEALY,
a/k/a "Shady,"
a/k/a "Porsche,"
a/k/a "Brennan,"
a/k/a "New Year,"
a/k/a "White Boy,"
LEEVANDER WADE,
a/k/a "Van,"
ALI HILL,
a/k/a "Hadi,"
THOMAS ZIMMERMAN,
a/k/a "L'il Baby," a/k/a "Bizzle," and
TYQUAN DANIELS,
a/k/a "YT,"

did knowingly and intentionally conspire and agree with others to distribute and to possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and 1000 kilograms or more of a mixture and substance containing a detectable amount of marihuana, a Schedule I controlled substance, contrary to Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).

In violation of Title 21, United States Code, Section 846.

## NOTICE OF SPECIAL FINDINGS

1. The allegations of Counts Three, Five, Six, and Eight of this Superseding Indictment are hereby realleged and reincorporated as though set forth in full herein.

2. As to Counts Three, Five, Six, and Eight of this Superseding Indictment, the defendant MICHAEL HEALY, a/k/a "Shady," a/k/a "Porsche," a/k/a "Brennan," a/k/a "New Year," a/k/a "White Boy":

   a. was 18 years of age or older at the time of the offense. 18 U.S.C. § 3591(a);

   b. intentionally killed Victim-1 [Count Three], "A.S." [Counts Five and Six], and "J.C" [Count Eight]. 18 U.S.C. § 3591(a)(2)(A);

   c. intentionally inflicted serious bodily injury that resulted in the death of Victim-1 [Count Three], "A.S." [Counts Five and Six], and "J.C" [Count Eight]. 18 U.S.C. § 3591(a)(2)(B);

   d. intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Victim-1 [Count Three], "A.S." [Counts Five and Six], and "J.C" [Count Eight] died as a direct result of the act. 18 U.S.C. § 3591(a)(2)(C);

   e. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that

41

participation in the act constituted a reckless disregard for human life and Victim-1 [Count Three], "A.S." [Counts Five and Six], and "J.C" [Count Eight] died as a direct result of the act. 18 U.S.C. § 3591(a)(2)(D);

f.  has previously been convicted of a Federal or State offense punishable by a term of imprisonment of more than 1 year, involving the use or attempted or threatened use of a firearm (as defined in Section 921) against another person. 18 U.S.C. § 3592(c)(2); and

g.  committed the offense after substantial planning and premeditation to cause the death of a person. 18 U.S.C. § 3592(c)(9). [Counts Three, Five, Six, and Eight].

3.  As to Counts Three, Five, Six and Eight of this Superseding Indictmment, the defendant LEEVANDER WADE, a/k/a "Van":

a.  was 18 years of age or older at the time of the offense. 18 U.S.C. § 3591(a);

b.  intentionally killed Victim-1 [Count Three], "A.S." [Counts Five and Six], and "J.C" [Count Eight]. 18 U.S.C. § 3591(a)(2)(A);

c.  intentionally inflicted serious bodily injury that resulted in the death of Victim-1 [Count Three], "A.S." [Counts Five and Six], and "J.C" [Count Eight]. 18 U.S.C. § 3591(a)(2)(B);

d.  intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used

42

in connection with a person, other than one of the participants in
the offense, and Victim-1 [Count Three], "A.S." [Counts Five and
Six], and "J.C" [Count Eight] died as a direct result of the act. 18
U.S.C. § 3591(a)(2)(C);

e. intentionally and specifically engaged in an act of violence,
knowing that the act created a grave risk of death to a person,
other than one of the participants in the offense, such that
participation in the act constituted a reckless disregard for human
life and Victim-1 [Count Three], "A.S." [Counts Five and Six], and
"J.C" [Count Eight] died as a direct result of the act. 18 U.S.C. §
3591(a)(2)(D);

f. has previously been convicted of a Federal or State offense
punishable by a term of imprisonment of more than 1 year,
involving the use or attempted or threatened use of a firearm (as
defined in Section 921) against another person. 18 U.S.C. §
3592(c)(2); and

g. committed the offense after substantial planning and
premeditation to cause the death of a person. 18 U.S.C. §
3592(c)(9). [Counts Three, Five, Six, and Eight].

4. As to Counts Three, Five, and Six of this Superseding
Indictment, the defendant THOMAS ZIMMERMAN, a/k/a "L'il Baby," a/k/a
"Bizzle":

    a.  was 18 years of age or older at the time of the offense. 18 U.S.C. § 3591(a);

    b.  intentionally killed Victim-1 [Count Three] and "A.S." [Counts Five and Six]. 18 U.S.C. § 3591(a)(2)(A);

    c.  intentionally inflicted serious bodily injury that resulted in the death of Victim-1 [Count Three] and "A.S." [Counts Five and Six]. 18 U.S.C. § 3591(a)(2)(B);

    d.  intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Victim-1 [Count Three] and "A.S." [Counts Five and Six] died as a direct result of the act. 18 U.S.C. § 3591(a)(2)(C);

    e.  intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Victim-1 [Count Three] and "A.S." [Counts Five and Six], died as a direct result of the act. 18 U.S.C. § 3591(a)(2)(D); and

    f.  committed the offense after substantial planning and premeditation to cause the death of a person. 18 U.S.C. § 3592(c)(9). [Counts Three, Five and Six].

5.  As to Counts Three, Five, and Six of this Superseding Indictment, the defendant TYQUAN DANIELS, a/k/a "YT":

a. was 18 years of age or older at the time of the offense. 18 U.S.C. § 3591(a).

b. intentionally killed Victim-1 [Count Three], and "A.S." [Counts Five and Six]. 18 U.S.C. § 3591(a)(2)(A).

c. intentionally inflicted serious bodily injury that resulted in the death of Victim-1 [Count Three], and "A.S." [Counts Five and Six]. 18 U.S.C. § 3591(a)(2)(B).

d. intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Victim-1 [Count Three] and "A.S." [Counts Five and Six] died as a direct result of the act. 18 U.S.C. § 3591(a)(2)(C).

e. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Victim-1 [Count Three] and "A.S." [Counts Five and Six] died as a direct result of the act. 18 U.S.C. § 3591(a)(2)(D).

f. has previously been convicted of a Federal or State offense punishable by a term of imprisonment of more than 1 year, involving the use or attempted or threatened use of a firearm (as defined in Section 921) against another person. 18 U.S.C. § 3592(c)(2).

g. committed the offense after substantial planning and premeditation to cause the death of a person. 18 U.S.C. § 3592(c)(9). [Counts Three, Five, and Six].

6. As to Counts Five and Six of this Superseding Indictment, the defendant ALI HILL, a/k/a "Hadi":

a. was 18 years of age or older at the time of the offense. 18 U.S.C. § 3591(a).

b. intentionally killed "A.S." [Counts Five and Six]. 18 U.S.C. § 3591(a)(2)(A).

c. intentionally inflicted serious bodily injury that resulted in the death of "A.S." [Counts Five and Six].  18 U.S.C. § 3591(a)(2)(B).

d. intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and "A.S." [Counts Five and Six] died as a direct result of the act. 18 U.S.C. § 3591(a)(2)(C).

e. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and "A.S." [Counts Five and Six] died as a direct result of the act. 18 U.S.C. § 3591(a)(2)(D).

f.  has previously been convicted of a Federal or State offense punishable by a term of imprisonment of more than 1 year, involving the use or attempted or threatened use of a firearm (as defined in Section 921) against another person. 18 U.S.C. § 3592(c)(2).

g.  committed the offense after substantial planning and premeditation to cause the death of a person. 18 U.S.C. § 3592(c)(9). [Counts Five and Six].

## FORFEITURE ALLEGATION
### (All RICO Defendants)

1.    The allegations contained in Counts One and Two of this Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 1963.

2.    Pursuant to Title 18, United States Code, Section 1963, upon conviction of an offense in violation of Title 18, United States Code, Section 1962, defendants,

MICHAEL HEALY,
a/k/a "Shady,"
a/k/a "Porsche,"
a/k/a "Brennan,"
a/k/a "New Year,"
a/k/a "White Boy,"
LEEVANDER WADE,
a/k/a "Van,"
ALI HILL,
a/k/a "Hadi,"
THOMAS ZIMMERMAN,
a/k/a "L'il Baby," a/k/a "Bizzle," and
TYQUAN DANIELS,
a/k/a "YT,"

shall forfeit to the United States of America:

(a)    any interest acquired or maintained in violation of section 1962;

(b)    any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise which the defendant[s] established, operated, controlled, conducted, or participated in the

48

conduct of, in violation of section 1962; and

(c)     any property constituting, or derived from, any proceeds

obtained, directly or indirectly, from racketeering activity in

violation of 1962.

## Substitute Assets Provision

3.     If any of the above-described forfeitable property, as a result

of any act or omission of the defendants:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third

party;

(c)     has been placed beyond the jurisdiction of the Court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be

subdivided without difficulty;

the United States of America shall be entitled to forfeiture of substitute

property pursuant to Title 18, United States Code, Section 1963(m).

## FORFEITURE ALLEGATION AS TO CONTROLLED SUBSTANCE COUNTS
## (All Defendants)

1.      As a result of committing the controlled substance offense
alleged in Count Twelve of this Superseding Indictment, defendants,

MICHAEL HEALY,
a/k/a "Shady,"
a/k/a "Porsche,"
a/k/a "Brennan,"
a/k/a "New Year,"
a/k/a "White Boy,"
LEEVANDER WADE,
a/k/a "Van,"
ALI HILL,
a/k/a "Hadi,"
THOMAS ZIMMERMAN,
a/k/a "L'il Baby," a/k/a "Bizzle," and
TYQUAN DANIELS,
a/k/a "YT,"

shall forfeit to the United States pursuant to 21 U.S.C. § 853, any and all property
constituting or derived from any proceeds the said defendant obtained directly or
indirectly as a result of the said violation and any and all property used or intended to
be used in any manner or part to commit and to facilitate the commission of the
violation alleged in Count Twelve of this Superseding Indictment.

### Substitute Assets Provision

2.      If any of the above-described forfeitable property, as a result of
any act or omission of the defendants:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third person;

(c)    has been placed beyond the jurisdiction of the Court;

(d)    has been substantially diminished in value; or

50

(e)     has been commingled with other property which cannot be

subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture

of any other property of said defendant(s) up to the value of the above forfeitable

property.

## FORFEITURE ALLEGATION AS TO FIREARMS
### (Defendants Healy and Daniels)

1.     The allegations contained in Counts Ten and Eleven of this Superseding Indictment are incorporated by reference as though set forth in full herein for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c).

2.     Upon conviction of an offense set forth in Counts Ten and Eleven of this Superseding Indictment, defendants,

MICHAEL HEALY,
a/k/a "Shady,"
a/k/a "Porsche,"
a/k/a "Brennan,"
a/k/a "New Year,"
a/k/a "White Boy,"
and
TYQUAN DANIELS,
a/k/a "YT,"

shall forfeit to the United States any firearms and ammunition involved in and used in the commission of that offense, including the following:  a Smith & Wesson Model M&P 15 .556 caliber rifle, bearing serial number SV77280 and a Luger 9mm caliber handgun, bearing serial number FXE2289.

All pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c).

Foreperson

CRAIG CARPENITO
United States Attorney

CASE NUMBER: 18-703 (JMV)

**United States District Court
District of New Jersey**

**UNITED STATES OF AMERICA**

v.

**MICHAEL HEALY,**

a/k/a "Shady,"

a/k/a "Porsche,"

a/k/a "Brennan,"

a/k/a "New Year,"

a/k/a "White Boy,"

**LEEVANDER WADE,**

a/k/a "Van,"

**ALI HILL,**

a/k/a "Hadi,"

**THOMAS ZIMMERMAN,**

a/k/a "L'il Baby,"

a/k/a "Bizzle," and

**TYQUAN DANIELS,**

a/k/a "YT"

# INDICTMENT FOR

18 U.S.C. § 922(g)(1)

18 U.S.C. §§ 924(c)(1)(A)

18 U.S.C. § 1512(k)

18 U.S.C § 1959(a)

18 U.S.C. § 1962(c)

18 U.S.C. § 1962(d)

18 U.S.C. § 1963

18 U.S.C. § 2

21 U.S.C. § 841

21 U.S.C. § 846

Foreperson

**CRAIG CARPENITO**
*UNITED STATES ATTORNEY*
*NEWARK, NEW JERSEY*

ROBERT FRAZER / NAAZNEEN KHAN
*ASSISTANT U.S. ATTORNEYS*
*973-645-2897*